[Cite as *State v. Brock*, 2022-Ohio-3439.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 21AP-188 |
| v. | : | (M.C. No. 2020CRB-10429) |
| Tatiana D. Brock, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 29, 2022

**On brief:** *Zacchary M. Klein*, City Attorney, *Melanie R. Tobias-Hunter*, and *Orly Ahroni*, for appellee. **Argued:** *Orly Ahroni.*

**On brief:** *Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellant. **Argued:** *Timothy E. Pierce.*

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Defendant-appellant, Tatiana D. Brock, appeals the April 7, 2021 judgment of the Franklin County Municipal Court finding her guilty of disorderly conduct, a misdemeanor of the fourth degree, in violation of R.C. 2317.11. For the following reasons, we reverse.

**I. Facts and Procedural History**

{¶ 2} On July 21, 2020, appellant was charged with domestic violence, in violation of R.C. 2919.25(A), and assault, in violation of R.C. 2903.13(A), both misdemeanors of the first degree. The charges stemmed from an incident on July 18, 2020, when appellant was attempting to retrieve her child from her former partner, Mr. Deswon T. Horton. The allegation in the complaints was that appellant attempted to stab Horton with a knife. The

case was presented to a jury. At the jury trial, appellant testified she punched Horton in the shoulder when she recovered from him pushing her off the steps. Appellant testified Horton grabbed her neck and they both fell backwards, at which point Horton grabbed her mace. She testified she then ran to her car to get a knife to protect herself from Horton while she was still trying to retrieve her child. She pointed the knife at Horton and told him "don't F with me." (Apr. 5-7, 2021 Tr. Vol. II at 263.) Appellant testified she never attempted to injure Horton with the knife. Appellant retrieved her child, called her brother and mother and, at her mother's urging, called 911 while driving away. She then returned to Horton's residence to await the arrival of police. Horton, a witness for the prosecution, testified appellant attempted to mace him when he opened the door to his house, but instead maced his wife and two of their children. Horton testified he tried to wrestle the mace from appellant's hands, pushed her and she fell off the steps. He went down to her to see if she had any other weapons. He testified appellant then ran to her car, grabbed a knife and came toward him and swung it at him, dropped it and then came toward him again with the knife in her hand. Horton testified appellant left his property and his wife called police. Appellant then returned to Horton's home and began threatening him and his wife. Ultimately, police arrested and charged appellant with the domestic violence and assault charges alleging she attempted to stab Horton with the knife.

{¶ 3}  At the jury instruction conference, the prosecution asked the court to instruct the jury on the domestic violence and assault charges as well as disorderly conduct pursuant to the Columbus City Code ("C.C.C.") 2317.11, a misdemeanor of the fourth degree, as a less included offense of the assault charge. Appellant asked that the instruction be given pursuant to the state Revised Code, R.C. 2917.11(A)(1). The trial court indicated it would instruct the jury pursuant to the Columbus City Code and then instructed the jury on the elements of disorderly conduct both verbally and in the written instructions as follows:

> Further, the defendant may be convicted of a lesser offense of disorderly conduct. Before you can find the defendant guilty of disorderly conduct, you must find beyond a reasonable doubt that on or about the 18th day of July, 2020, the defendant recklessly caused inconvenience, annoyance, or alarm to another, to wit: Deswon Horton.

(Apr. 5-7, 2021 Tr. Vol. II at 329.)

{¶ 4}   The jury began its deliberations and submitted a written question to the court.  The jury asked "[a]re all three (3) charges [meaning assault, domestic violence, and disorderly conduct] solely related to the knife incident?"  (Apr. 5-7, 2021 Tr. Vol. II at 340; Jury Note, manila envelope.)  The court discussed the jury's question with counsel for appellant and the prosecutor.  During the discussion, plaintiff-appellee, State of Ohio, moved to amend the complaint pursuant to Crim.R. 7(D) to add, in addition to the allegation of attempting to stab Horton with a knife, to the "to wit" portion of the complaints "and/or did Mace Deswon Horton, Jr., Amber Horton, or Diamyne Hill; and/or did punch Deswon Horton, Sr."  (Apr. 5-7, 2021 Tr. Vol. II at 345.)  The trial court granted the motion "only as to Mr. Horton, Sr." but not as to the other persons.  (Apr. 5-7, 2021 Tr. Vol. II at 353.)  The parties agreed that the domestic violence and assault charges were limited to the knife.  However, appellant's counsel argued the disorderly conduct lesser-included offense also was limited to the knife, whereas the prosecutor argued it was not.  The court then instructed the jury:

> The Court has received a note from the jurors reading, "Are all three charges solely related to the knife incident?"
>
> And we have here the Court. Counsel for both parties and the defendant aren't here with us. The Court is going to tell you that the knife is limited to the domestic violence and assault charges. In regard to the domestic violence -- to the disorderly conduct, you will need to read and review the jury instructions that were given to you already.

(Apr. 5-7, 2022 Tr. Vol. II at 354.)

{¶ 5}   The jury found appellant not guilty of domestic violence, not guilty of assault, but guilty of disorderly conduct.  The court imposed sentence.

## II. Assignments of Error

{¶ 6}   Appellant appeals and assigns the following five assignments of error for our review:

> [I.] Appellant's right to a unanimous jury verdict, right to a fair trial, and right to due process of law were violated when the trial court misstated the statutory elements of disorderly conduct which, along with the prosecution's actions, misled the jury thereby causing uncertainty as to the grounds for the jury's verdict. These actions deprived Appellant of her rights preserved under the Fifth, Sixth, and Fourteenth Amendments

of the United States Constitution, Article III, Section 2 of the United States Constitution, Article I, Sections 5, 10, and 16 of the Ohio Constitution, R.C. 2945.11 and Crim.R. 31(A).

[II.] The trial court violated Appellant's right to a fair trial and right to due process of law by misstating the elements of disorderly conduct which misled the jury and caused it to find Appellant guilty of a nonexistent form of that offense which criminalizes activity that is not unlawful. The trial court's actions deprived Appellant of her rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, Article III, Section 2 of the United States Constitution, Article I, Sections 5, 10, and 16 of the Ohio Constitution, and R.C. 2945.11.

[III.] Appellant must be granted a new trial inasmuch as the trial court plainly erred by failing to instruct the jury of the essential elements of disorderly conduct. The court's actions violated Appellant's rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, Article III, Section 2 of the United States Constitution, Article I, Sections 5, 10, and 16 of the Ohio Constitution, R.C. 2945.11 and Crim.R. 52(B).

[IV.] Appellant was deprived of her right to a fair trial and due process of law, and her conviction rendered void, when both the prosecution and the trial judge misled the jury by informing jurors that, under the circumstances of this case, disorderly conduct was not a lesser included offense of domestic violence and/or assault but rather was a separate, factually distinct criminal offense unrelated to the conduct associated with domestic violence and/or assault. The actions of the prosecution and the court deprived Appellant of her rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, Article III, Section 2 of the United States Constitution, Article I, Sections 5, 10, and 16 of the Ohio Constitution, R.C. 2945.11, R.C. 2945.74, Crim.R. 3 and Crim.R. 31(C).

[V.] Appellant's conviction for disorderly conduct is not supported by sufficient evidence and runs against the manifest weight of the evidence.

## III. Analysis

{¶ 7} We begin by addressing the first, second, and third assignments of error as they are dispositive of this appeal.

**{¶ 8}** Disorderly conduct under C.C.C. 2317.11 states in relevant part:

(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior[.]

**{¶ 9}** As noted previously, the trial court instructed the jury as follows:

Further, the defendant may be convicted of a lesser offense of disorderly conduct. Before you can find the defendant guilty of disorderly conduct, you must find beyond a reasonable doubt that on or about the 18th day of July, 2020, the defendant recklessly caused inconvenience, annoyance or alarm to another, to wit: Deswon Horton.

(Apr. 5-7, 2021 Tr. Vol. II at 329.)

**{¶ 10}** Appellant argues, and the state concedes, that the trial court plainly erred in omitting from the instructions the elements in subsection (1) of C.C.C. 2317.11(A) of "[e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior." This court agrees and finds the trial court erred in this regard.

**{¶ 11}** Accordingly, we sustain appellant's first, second, and third assignments of error.

**{¶ 12}** The state argues the disposition of the first, second, and third assignments of error renders moot the fourth and fifth assignments of error as the case should be reversed and remanded for a new trial on the disorderly conduct charge. Appellant argued in her brief that the conviction must be set aside and she must either be afforded a new trial or discharged from these proceedings. However, at oral argument, appellant argued this court should consider the fourth assignment of error, sustain the same and then render void and vacate the conviction for disorderly conduct. Consistent with its arguments before the trial court during the discussion of the jury's question, appellant argued before us at oral argument that the jury found her guilty of disorderly conduct on the evidence presented regarding her yelling, screaming, and threatening from the curb after the knife incident. According to appellant, such a finding by the jury is void because the yelling, screaming, and threatening from the curb were not the facts alleged in the complaint.

{¶ 13} However, we do not know upon what evidence the jury found appellant guilty of disorderly conduct. We also acknowledge the trial court's amending of the assault complaint to include an allegation of punching Horton. Finally, we do not know the reasons the jury found appellant not guilty of domestic violence and assault. Was it because the jury found the prosecution did not meet its burden as to the mens rea of knowingly? Or because the jury found the prosecution did not meet its burden as to the physical harm element? Or because the jury found the prosecution did not meet its burden as to the attempt element? We cannot speculate, and, for that reason, we decline to accept appellant's argument to address the fourth assignment of error and find it to be moot.

{¶ 14} Therefore, given our disposition of the first, second, and third assignments of error, it is not necessary for us to address the fourth and fifth assignments of error.

{¶ 15} Accordingly, we render moot the fourth and fifth assignments of error.

## IV. Conclusion

{¶ 16} Based on the foregoing, appellant's first, second, and third assignments of error are sustained, appellant's fourth and fifth assignments of error are rendered moot, the judgment of the Franklin County Municipal Court is reversed, and this matter is remanded to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed and cause remanded.*

KLATT and JAMISON, JJ., concur.

_____